23 F.3d 399
 146 L.R.R.M. (BNA) 2448
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CAPITOL EMI MUSIC, INCORPORATED, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CAPITOL EMI MUSIC, INCORPORATED, Respondent.
 Nos. 93-2041, 93-2107.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1994.
Decided May 20, 1994.
 
 On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board. (11-CA-14106, 11-CA-14300, 11-CA-14152)
 Charles Henry Kaplan, Whitman & Ransom, New York, NY, for petitioner.
 Richard A. Cohen, National Labor Relations Board, Washington, DC, for respondent.
 Arthur M. Handler, Elizabeth A. Alcorn, Whitman & Ransom, New York, NY; Ronald S. Katz, Schack & Siegel, P.C., New York, NY, for petitioner.
 Jerry M. Hunter, General Counsel, Yvonne T. Dixon, Acting Deputy General Counsel, Nicholas E. Karatinos, Acting Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Peter Winkler, Supervisory Attorney, National Labor Relations Board, Washington, DC, for respondent.
 N.L.R.B.
 ENFORCEMENT GRANTED.
 Before RUSSELL, WIDENER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The issues presented in this appeal are: (1) whether substantial evidence supports the determination of the National Labor Relations Board (the Board) that Capitol EMI Music, Inc. (Capitol) violated Sec. 8(a)(1) of the National Labor Relations Act (the Act), codified at 29 U.S.C. Sec. 151 et seq., when it engaged in a variety of labor practices; (2) whether substantial evidence supports the Board's determination that Capitol violated Secs. 8(a)(1) and (a)(3) of the Act by discharging Anthony V. Harris; and (3) whether the Board abused its discretion by issuing a Gissel remedial bargaining order, ordering Capitol to bargain with the union, see NLRB v. Gissel, 395 U.S. 575 (1969).
 
 
 2
 As to the first issue, the Board found that Capitol violated the Act during a union representation campaign by: (a) coercively interrogating employees; (b) creating an impression that its employees' union activities were under surveillance; (c) promulgating a no-talking rule to interfere with its employees' right to unionize; (d) threatening employees with discharge because of their union activities; (e) threatening employees with loss of benefits if they selected the union as their bargaining representative; (f) threatening employees that it would be futile for them to select the union as their collective bargaining representative; (g) granting wage and other benefits to discourage its employees from selecting the union as their collective bargaining representative; and (h) threatening not to hire employees permanently unless they voted against the union. As to the second issue, the Board concluded that Capitol violated Secs. 8(a)(1) and (a)(3) of the Act by discharging Anthony V. Harris for anti-union reasons. As to the third issue, in light of the numerous and far reaching unfair labor practices of Capitol, the Board concluded that a Gissel remedial bargaining order requiring Capitol to recognize and bargain with the union was warranted.
 
 
 3
 After carefully reviewing the decision of the Board, considering the briefs and the record, and hearing oral argument, we find that the Board's conclusions that Capitol violated Sec. 8(a)(1) of the Act when it engaged in a variety of unfair labor practices and Secs. 8(a)(1) and (a)(3) of the Act by discharging Anthony V. Harris are supported by substantial evidence. In addition, we conclude the Board's choice of remedy, here a Gissel remedial bargaining order ordering Capitol to bargain with the union, was not an abuse of discretion and rests upon substantial evidence. Accordingly, Capitol's petition for review is denied and the Board's application for enforcement is granted.
 
 ENFORCEMENT GRANTED